# UNITED STATES DISTRICT COURT
для the
Northern District of California

| | FILED |
|---|---|
| | Feb 10 2025 |
| | Mark B. Busby |
| | CLERK, U.S. DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |
| | OAKLAND |

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                                )   Case No.   4:25-mj-70160-DMR
Application of the United States for Search Warrant for  )
One Parcel for Investigation of 21 U.S.C. § 841 and  )
Other Offenses  )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

One USPS Priority Mail Express with label number EI 961 201 147 US

located in the ___Northern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B of Postal Inspector Versoza's affidavit.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Knowing/Intentional Possession of Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 843(b) | Use of Communication Facility (Mail) to Facilitate Felony Offense |
| 21 U.S.C. § 846 | Conspiracy to Commit Controlled Substance Offense |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/Leroy Versoza
*Applicant's signature*

Leroy Versoza, Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 2/10/2025

*Judge's signature*

City and state: Oakland, California   Hon. Donna M. Ryu, Chief Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF LEROY VERSOZA
# IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Leroy Versoza, Postal Inspector with the United States Postal Inspection Service, being duly sworn, do hereby declare as follows:

## I. INTRODUCTION

### A. Description of Property to be Searched

1. This affidavit is made in support of a search warrant for one USPS Priority Mail Express box. The Priority Mail Express box is identified by Priority Mail Express label "EI 961 201 147 US" and possesses the following address information: the recipient is listed as "ABDoAlmeqed Almowlld, 8137 Macarthur Blvd, Oakland, CA 94605", and the sender/return address is listed as "Mnammar Almowlld, 19 Sandalwood Dr Apt 11, Newark, DE 19713" (hereafter referred to as "THE PARCEL".) THE PARCEL is in the temporary custody of the United States Postal Inspection Service ("USPIS"), and is described more particularly in Attachment A, which is attached hereto and fully incorporated within.

### B. Suspected Violations of Law

2. This investigation involves the use of the United States Mail to transport and distribute controlled substances or the proceeds of the sale of controlled substances. For the reasons described below, I believe there is probable cause to believe that THE PARCEL contains evidence, fruits, and instrumentalities of violations of Title 21, United States Code, § 841(a) (distribution and possession with intent to distribute a controlled substance), § 843(b) (illegal use of the mails in furtherance of narcotic trafficking) and § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein by reference.

### C. Affiant Background and Experience

3. I have been a Postal Inspector with the USPIS since 2013. I am presently assigned to the San Francisco Division, Richmond, California. My responsibilities include the investigation of unlawful use of the U.S. Mail or criminal activity, including the transportation of contraband materials through the U.S. Mail. As part of my training and experience, I received twelve weeks of Basic Inspector Training in investigative techniques at the Career Development Division located in Potomac, Maryland, and one week of Prohibited Mail Narcotics Training instructed by the USPIS. Furthermore, in the course of assisting in past investigations, I have spoken with other Postal Inspectors who have substantial experience related to investigating schemes that utilize the U.S. Mail and the evidence that can be obtained as a result.

4. As a federal law enforcement officer, I am authorized to investigate violations of laws of the United States and authorized to execute search and arrest warrants under the authority of the United States.

5. My conclusions are based on facts set forth in this affidavit, which I learned from my personal investigations and from other investigators in this case. Also, my statements and conclusions in this affidavit are based on my training and experience and on information relayed to me by other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a search warrant for THE PARCEL, I have set forth only those facts necessary to establish that probable cause exists to believe that evidence, fruits, and instrumentalities of violations of Title 21, United States Code, §§ 841(a), 843(b), and 846 will be found in THE PARCEL.

### D. Applicable Statutes

6. Pursuant to Title 21, United States Code, Section 841(a)(1), it is unlawful for any person to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance."

7. Pursuant to Title 21, United States Code, Section 843(b), it is unlawful to use a communication facility in furtherance of a drug felony. Mail is expressly listed as one of the prohibited communications facilities included in Section 843(b):

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony. ... For purposes of this subsection, the term **'communication facility'** ... **includes, mail**, telephone, wire, radio, and all other means of communication. (Emphasis added.)

8. Pursuant to Title 21, United States Code, Section 846, it is unlawful for any person to attempt to conspire to commit any offense defined in this subchapter. Sections 841(a) and 843(b) discussed above fall within this subchapter.

### E. Method and Means of Using the U.S. Mail

9. Over the past ten years, Postal Inspectors from the San Francisco Division have noticed the increased use of Priority Mail, Express Mail, Priority Mail Express, and registered mail to transport drugs and payments for drugs to and from Northern California. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that drug dealers frequently use these services to ship controlled substances, including, but not limited to: methamphetamine, cocaine, heroin, and marijuana. Use of these services is favored because of their reliability, speed, and low cost, as well as the perception that there is a minimal chance that the drugs will be detected. With regard to Express Mail and registered mail parcels, shippers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling the local post office.

10. Based on my experience, training, and discussion with other law enforcement officers experienced in drug investigations, I know that certain indicators are common when persons use

the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of controlled substances to use Express Mail, Priority Mail Express, and Priority Mail because the drugs arrive at their destination more quickly and on a predictable date. Express Mail, Priority Mail Express, and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet website and/or calling the local post office.

    b. These packages often contain a fictitious return address, an incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (e.g., Mail Boxes Etc.). A shipper sometimes mails the parcel containing controlled substances from an area different from the return address on the parcel because either 1) the return address is fictitious; and/or 2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the person(s) shipping and/or receiving the controlled substances.

    c. Individuals involved in the trafficking of controlled substances throughout the United States will send and receive mailings on a more frequent basis than a normal postal customer. Drug traffickers exhibit a higher rate of using expedited mail due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

    d. In order to conceal the distinctive smell of controlled substances from narcotics detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Recently, several parcels of interdicted mail have been found to contain heat/vacuum sealed plastic baggies, and/or re-sealed cans containing controlled substances.

    e. I know from my training, experience, and from discussions with other law enforcement officers, that controlled substances, proceeds from the sales of these controlled substances, and other indicia are likely to be found during parcel interdictions when some or all of the indicators referenced in paragraph 10 are present.

    11. I know from my training, experience, and from discussions with other law enforcement officers that drug traffickers who use the U.S. Mail and other carriers as a means of distributing controlled substances and as a means of communicating with co-conspirators will often include

the following in parcels relating to their trafficking activity, all of which are evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843(b), and 846:

    a. Controlled substances, including heroin, hashish, cocaine, methamphetamine, marijuana, and steroids;

    b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor;

    c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier;

    d. United States and foreign currency, securities, precious metals, jewelry, stocks, and bonds;

    e. Records reflecting or relating to the transporting, ordering, purchasing, and distribution of controlled substances, including books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed; and

    f. Records reflecting or relating to co-conspirators, including personal notes, correspondence, cables, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and co-conspirators in controlled substances trafficking activities.

12. Narcotics canines are trained to detect the presence of an odor of a controlled substance. They may detect items that have been in contact with a controlled substance, including money. There are factors that can affect a canine's ability to detect the scent of controlled substances including masking agents, the method of packing controlled substances, and the ambient temperature.

## II. FACTS SUPPORTING PROBABLE CAUSE

### A. Identification of THE PARCEL

13. On Thursday, February 6, 2025, the USPIS conducted routine parcel profiling activities at the Oakland Processing & Distribution Center (P&DC), located in Oakland, California and identified THE PARCEL. During a visual and physical examination of THE PARCEL, I noticed several anomalies that, based on my training and experience, indicated characteristics of parcels containing controlled substances and/or the proceeds of narcotics trafficking, such as:

    a. THE PARCEL was sent by Priority Mail Express with a delivery confirmation number, which has a tracking service that allows the sender, recipient or anyone else with the tracking number to identify THE PARCEL's location in the mail stream.

4

   b. THE PARCEL had a signature waiver, which is often indicative of the actual recipient wishing to remain anonymous, as there is no physical copy of the recipient's signature retained.  Furthermore, a signature waiver requests that the delivery employee deliver the parcel without needing to make direct contact with the recipient.

   c. THE PARCEL was excessively taped at the seams which is common in narcotics parcels as an attempt to mask any scents that may come from inside of the parcel.

   d. THE PARCEL was mailed out of Zip Code 19711 while the sender's listed zip is 19713.  Drug Traffickers often ship narcotics or narcotics proceeds from zip codes other than their listed zip code in an attempt to remain anonymous.

14. Based on the factors listed above, I decided to hold THE PARCEL for additional investigation because it showed characteristics common to parcels containing controlled substances and/or proceeds of narcotics trafficking.

### B. Use of K-9 to Examine THE PARCEL

15. On Thursday, February 6, 2025, I presented THE PARCEL for examination to narcotics detection canine "Charlie" at the Oakland Processing & Distribution Center (P&DC), located in Oakland, California.  Canine Charlie is handled by Task Force Officer (TFO) Jason McCartney with the San Mateo Police Department Criminal Bureau of Investigations and is currently assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer (TFO).  As described in Attachment C, attached hereto and fully incorporated herein, Charlie is a reliable narcotics detecting canine.  Charlie has received training in the detection of narcotics and is state-certified by a qualified California drug detection canine center.  Charlie is certified in the detection of opium, cocaine, heroin and methamphetamine.  TFO McCartney informed me that consistent with Charlie's current training and certification, Charlie reliably recognized the odor of the above-referenced controlled substances.  TFO McCartney also tests or "proofs" Charlie on a regular basis in order to confirm that Charlie can differentiate between contraband and non-contraband items.  This testing demonstrates and confirms that Charlie can correctly indicate ("alert") when contraband is present, for a variety of different objects under a variety of different circumstances.  In addition to narcotics, Charlie is also trained to detect the odor of U.S. currency that has been recently exposed to controlled substances.  Based on Charlie's training and "proofing", he would not alert on non-contraband items, such as generally circulated currency, or items such as tape, bubble wrap, or food in the absence of such items having touched or been in close proximity to narcotics Charlie has been trained and certified to detect.

16. I was present during the narcotics detection examination by Charlie of THE PARCEL and observed Charlie exhibit a change in behavior when he came across THE PARCEL.  More specifically, Charlie alerted to the package by sitting next to the suspected narcotics parcel and gazing up at his handler in a locked stare.

### C. Investigation Regarding the Listed Senders and Recipient of THE PARCEL

5

17. On February 6, 2025, I checked CLEAR, an online law enforcement database, for the listed sender of THE PARCEL: "Mnammar Almowlld, 19 Sandalwood Dr Apt 11, Newark, DE 19713". I was unable to associate the name, "Mnammar Almowlld" with the sender address. A search of USPS address databases reported the listed return address, "19 Sandalwood Dr Apt 11, Newark, DE 19713", is valid.

18. On February 6, 2025, I checked CLEAR, an online law enforcement database, for the listed addressee of THE PARCEL: "ABDoAlmeqed Almowlld, 8137 Macarthur Blvd, Oakland, CA 94605". I was able to associate the name, "ABDoAlmeqed Almowlld" with the addressee address. A search of USPS address databases reported the listed addressee address, "8137 Macarthur Blvd, Oakland, CA 94605", is valid.

19. Currently, THE PARCEL is in my possession in the Northern District of California, specifically the Richmond Network and Distribution Center (NDC), located in Richmond, California.

### III. CONCLUSION

20. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843(b) and 846 are concealed in THE PARCEL.

21. Accordingly, I respectfully request the issuance of a search warrant directing the search of THE PARCEL, as further described in Attachment A, for the items described in Attachment B and seizure of those items.

/s/Leroy Versoza
Leroy Versoza
U.S. Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me on this 10th day of February, 2025.

HONORABLE DONNA M. RYU
Chief Magistrate Judge

## ATTACHMENT A

### Description of the Parcel to be Searched

THE PARCEL is more specifically described as follows:

One USPS Priority Mail Express with label number EI 961 201 147 US, measuring approximately 11.75 inches by 8.75 inches by 5.75 inches, weighing approximately 1lb 10 oz, addressed to: "ABDoAlmeqed Almowlld, 8137 Macarthur Blvd, Oakland, CA 94605", with a sender/return address listed as: "Mnammar Almowlld, 19 Sandalwood Dr Apt 11, Newark, DE 19713".  THE PARCEL bears U.S. Postage of $65.20.

# ATTACHMENT B

## Items to be Searched and Seized

The following items constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846.

A. Controlled substances, including but not limited to heroin, cocaine, methamphetamine, marijuana, hashish and/or steroids.

B. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

C. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or other common carriers.

D. United States and foreign currency, securities, precious metals, jewelry, gift cards, stored value cards, stocks, and bonds, that are proceeds, evidence, or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846.

E. Any and all records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including books, receipts, notes, ledgers, pay owe sheets, correspondence, records noting price, quantity, date, and times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

F. Any and all records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities and the identities of conspirators in controlled substance trafficking activities, all of which are evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846.

ATTACHMENT C

**Certification of Handler and Canine "Charlie" Narcotics Detection Canine**

1. Jason McCartney has been a Police Officer with the San Mateo Police Department (SMPD) since April 2016. He is assigned to the SMPD Criminal Bureau of Investigations and is presently detailed to the Drug Enforcement Administration (DEA) as a Task Force Agent ("TFO"). TFO McCartney has been assigned to DEA San Francisco Field Division since November of 2020. TFO McCartney has been involved in over 500 narcotics related investigations.

2. From October 28, 2023 to present, TFO McCartney has been the Handler for "Charlie" a single purpose narcotics detection canine. TFO McCartney and Charlie trained in the area of narcotic detection under the instruction of K-9 Instructor Mark Rispoli, who is the owner of Makor Canine Services in November 2023. TFO McCartney and Charlie received specialized training from Mark Rispoli in the detection of cocaine, heroin, marijuana and methamphetamine. Charlie will also indicate to the odor thereof coming from currency, notes, documents, and containers such as baggage, parcels, mail, cargo, dwellings and motor vehicles, and other evidence that may have been utilized in the trafficking or distribution of illicit drugs. TFO McCartney and K9 Charlie completed narcotics detection canine certification on November 17, 2023. To date, during training and investigations, Charlie has positively identified the odor of controlled substances numerous times.

3. TFO McCartney is a member and attended conferences with the California Narcotics Officers Association. TFO McCartney is also a member of the California Narcotics Canine Association.